IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TIMOTHY JAMES PULLIAM and<br>TIMOTHY JAMES PULLIAM, JR.,<br><br>Defendants. | CR 14–12–M–DWM<br><br><br><br>ORDER |

Defendants' Motion to Continue Trial and Extend Deadlines, (Doc. 30), and the United States' Motion to Sever Trials, (Doc. 28), are now before the Court. Defendants' Motion is unopposed. (Doc. 30 at 2.) Defendant Timothy James Pulliam, Jr. ("Pulliam Jr.") does not oppose the Motion to Sever. (Doc. 28 at 2.) His father, Defendant Timothy James Pulliam ("Pulliam") does not take a position on the government's Motion to Sever. (*Id*.)

I.  **Motion to Continue**

Defendants claim a continuance of trial and other deadlines is necessary to allow them time to prepare for trial. They present various issues related to discovery, including the volume and timing of disclosures by the government,

outstanding discovery requests, and the production of sensitive material subject to Local Rule CR 16.4. (Doc. 31 at 4.) Defendants also cite the geographic distance to each of their attorneys as grounds for seeking a continuance. (*Id*.)

The Speedy Trial Act requires a defendant to be tried within 70 days of indictment or initial appearance, whichever is later. *United States v. Clymer*, 25 F.3d 824, 827 (9th Cir. 1994) (citing 18 U.S.C. § 3161(c)(1); *United States v. Hoslett*, 998 F.2d 648, 653 (9th Cir. 1993)). A period of delay may be excluded from a defendant's speedy trial calculation if authorized by the Act. *Id*. One such period of excludable delay is for an "ends of justice" continuance, based on a court's finding that the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial. *Id*. at 828. A district court may grant an "ends of justice" continuance of trial and other deadlines only if the continuance is of limited duration and is justified on the record. *Id.* (citations omitted).

The factors a court must consider when determining whether an "ends of justice" continuance is warranted are set forth at 18 U.S.C. § 3161(h)(7)(B). Defendants cite two of these factors in support of their Motion. They claim a continuance may be warranted because of the complexity of the case, pursuant to § 3161(h)(7)(B)(ii), and that, if the level of complexity does not justify a

continuance, one may be necessary because the failure to grant a continence would deny them reasonable time to prepare for trial, pursuant to § 3161(h)(7)(B)(iv). (Doc. 31 at 3.)

The factors Defendants cite in seeking a continuance are mutually exclusive. The Court finds that the complexity of this matter does not present good grounds for an "ends of justice" continuance, as none of the considerations accompanying that factor in the Speedy Trial Act are present here. *See* 18 U.S.C. § 3161(h)(7)(B)(ii) (stating an "ends of justice" continuance may be justified due to the complexity of a case where the number of defendants, nature of the prosecution, or novel questions of fact or law preclude adequate preparation in the time limits established by the Act). The effective preparation factor, however, does present fair grounds for the continuance Defendants seek. *See id.* § 3161(h)(7)(B)(iv) (stating a continuance may nonetheless be warranted in a case not deemed unusual or complex where denial of a continuance would withhold from defendant's counsel "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.")

Defendants' Motion will be granted in-part, as they have established good cause for a continuance in this matter under 18 U.S.C. § 3161(h)(7)(B)(iv). The timing and volume of discovery, existence of outstanding discovery requests, and

sensitive material produced in discovery are facts that justify a continuance of limited duration to afford the Defendants adequate time to prepare for trial. The geographic proximity of the Defendants to their counsel, however, is not a reasonable ground for a continuance. Even though the Defendants' access to some discovery materials is limited by Local Rule CR 16.4, technological advances—e.g. software which allows distant individuals to share a virtual workspace—mitigate Defendants' argument. The Court finds a continuance of seven weeks will afford Defendants ample time to prepare for trial.

## II.     Motion to Sever

The United States argues that severance of the scheduled trial in this matter is justified because joint trial would compromise specific trial rights of the Defendants. (Doc. 29.) While it is puzzling that the Defendants were brought before the grand jury and indicted in tandem if these legal issues preclude their joint trial, the government's Motion is well-taken and will be granted. Severance is warranted under Federal Rule of Criminal Procedure 14(a) because the United States claims it will present at trial prior testimonial statements by Pulliam, which would be hearsay and therefore inadmissible as to Pulliam Jr. A limiting instruction would not adequately cure this issue in a joint trial, as such testimony and instruction would likely result in juror confusion and risk that the instruction

would be ignored. Furthermore, admission of Pulliam's prior testimonial statements at a joint trial would violate Pulliam's Jr.'s confrontation right under the Sixth Amendment. *See Bruton v. United States*, 391 U.S. 123, 135 (1968); *Crawford v. Washington*, 541 U.S. 36, 51 (2004). The prospect of testimony by Pulliam's wife and his possible invocation of the doctrine of spousal immunity also presents a specific trial right that may be compromised by a joint trial. The foregoing justifications all present significant trial rights to which the Defendants are entitled that would be threatened or extinguished by a joint trial. The government has presented reasonable grounds to order the Defendants be tried separately for the offenses charged in the Indictment. *See* Fed. R. Crim. P. 14(a).

## III. Conclusion

While the timing and volume of discovery in this matter justify a continuance of deadlines and trial, a continuance of significant duration is not warranted. In passing the Speedy Trial Act, the Congress recognized the strong public interest in speedy administration of criminal justice. *See United States v. Pollock*, 726 F.2d 1456, 1460 (9th Cir. 1984). The crimes charged in the Indictment are not unusual or complex. Severance of the trials is warranted to avoid juror confusion and protect the substantial trial rights of each Defendant. This matter will proceed and each Defendant will be tried by jury in late July.

IT IS ORDERED that the United States' Motion to Sever Trials, (Doc. 28), is GRANTED.

IT IS FURTHER ORDERED that the Defendants' Motion to Continue Trial and Extend Deadlines, (Doc. 30), is GRANTED IN-PART.

IT IS FURTHER ORDERED that the Jury Trial scheduled for June 9, 2014 is VACATED.

IT IS FURTHER ORDERED that the following schedule will govern remaining pretrial procedures in the case of *United States vs. Timothy James Pulliam* (CR 14-12-M-DWM-1):

| | |
|---|---|
| Jury Trial | July 28, 2014 |
| Motions deadline (including motions *in limine*) | June 20, 2014 |
| Plea Agreement deadline | July 17, 2014 |
| Jury Instructions and Trial Briefs deadline | July 24, 2014 |

IT IS FURTHER ORDERED that the following schedule will govern remaining pretrial procedures in the case of *United States vs. Timothy James Pulliam, Jr.* (CR 14-12-M-DWM-2):

| | |
|---|---|
| Jury Trial | July 29, 2014 |
| Motions deadline (including motions *in limine*) | June 20, 2014 |

Plea Agreement deadline					July 17, 2014

Jury Instructions and Trial Briefs deadline	July 24, 2014

IT IS FURTHER ORDERED that the Court's Scheduling Order of April 9, 2014, (Doc. 17), otherwise remains in full force and effect.

DATED this 8th day of May, 2014.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT