IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14–12–M–DWM–1 |
| Plaintiff, | |
| vs. | ORDER |
| TIMOTHY JAMES PULLIAM, | |
| Defendant. | |

Timothy James Pulliam stands charged by Indictment with two counts of concealment of property and one count of falsely testifying under oath before the United States Bankruptcy Court for the District of Montana in, *In re: Timothy James Pulliam and Deaydre Lea Pulliam*, Case No. 10-60725, ("the bankruptcy case"). (Doc. 1 at 2-3.) Counts I and II allege that Pulliam knowingly and fraudulently concealed a 1957 Ford Thunderbird and enclosing trailer, property of the estate, from the Bankruptcy Trustee, in violation of 18 U.S.C. § 152(1). (*Id*.) Count III alleges that Pulliam knowingly and fraudulently made a material statement in the bankruptcy case when he stated under oath that he did not know whether his son took the Thunderbird and trailer from his residence, in violation of § 152(2). (*Id*. at 3.) Pulliam's Motion to Dismiss the Indictment, (Doc. 37), is

now before the Court.

Pulliam brings his Motion pursuant to Federal Rule of Criminal Procedure 12(b), which provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." A motion to dismiss may, therefore, be entertained by the court if it turns on a question of law not committed to the jury. *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993). Specifically, Pulliam invokes Rule 12(b)(3)(B), which provides for the Court's determination of a motion to dismiss the indictment for failure to state an offense before trial or at any other time while the case is pending. (*Id.*)

A predicate matter must be resolved prior to turning to the merits of Pulliam's Motion. Pulliam requests that this Court take judicial notice of documents from the bankruptcy case, attached as Exhibits 1-3 in support of his Motion. (Doc. 37-1 at 8.) Exhibit 1, (Doc. 37-2), is the Settlement Agreement entered in the bankruptcy case. Exhibit 2, (Doc. 37-3), is the Bankruptcy Court's Order Approving Settlement. Exhibit 3, (Doc. 37-4), is the Bankruptcy Court's Order dismissing the bankruptcy case.

On a party's request, a court must take judicial notice of an adjudicative fact not subject to reasonable dispute if supplied with the necessary information. Fed.

R. Evid. 201. A court may also take judicial notice of suitable facts *sua sponte*. Fed. R. Evid. 201(c)(1). A fact is not subject to reasonable dispute if it is "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). On a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

Pulliam's Motion for Judicial Notice is well-taken. It will be granted. The Exhibits attached to Pulliam's Motion to Dismiss are documents and opinions of the Bankruptcy Court. Because these court documents are matters of public record, and their existence is subject to judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). The Court takes notice of the existence of the Settlement Agreement, the Bankruptcy Court's Order Approving Settlement, and the Bankruptcy Court's Order dismissing the bankruptcy case. Although not advanced in a motion by the government, in accordance with the foregoing analysis the Court *sua sponte* takes judicial notice of the court documents attached as Exhibits 1-7 to the United States' Response to Pulliam's Motion to Dismiss. (*See* Docs. 38-1 to 38-7.)

Pulliam's first substantive claim is that the Indictment must be dismissed because the Settlement Agreement immunizes him from criminal prosecution for matters arising from the bankruptcy case. The Settlement Agreement was entered into on May 10, 2012 between Debtors Timothy Pulliam and Deaydre Pulliam, United States Trustee Richard Sampson, and attorneys Victoria Francis for the United States of America, Edward Murphy for Timothy Pulliam, and Trent Gardner for Sampson. (Doc. 37-2 at 4-6.) The agreement includes the following language that Pulliam cites as grounds for his Motion:

> Various issues have arisen in the context of the Debtors' Bankruptcy Case which it is the intention of this Settlement Agreement to fully and finally resolve.

(Doc. 37-2 at 1.) Pulliam argues that this clause of the agreement and the fact that a United States Attorney assented to it operates as contractually conferred immunity and requires dismissal of the Indictment. (Doc. 37-1 at 6-7.)

The government may grant immunity via an informal agreement with an individual. *United States v. Plummer*, 941 F.2d 799, 802 (9th Cir. 1991). Where an agreement between an individual and the government is argued to confer immunity from federal prosecution, ordinary contract principles under federal law apply to its interpretation. *McKnight v. Torres*, 563 F.3d 890, 892 (9th Cir. 2009). "Federal law controls the interpretation of a contract entered pursuant to federal

law when the United States is a party. For guidance, we look to general principles for interpreting contracts." *Klamath Water Users Protective Assn. v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999) (citations omitted).

> A written contract must be read as a whole and every part interpreted with referenced to the whole, with preference given to reasonable interpretations. Contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself. Whenever possible, the plain language of the contract should be considered first. The fact that the parties dispute a contract's meaning does not establish that the contract is ambiguous; it is only ambiguous if reasonable people could find its terms susceptible to more than one interpretation.

*Id*. (citations omitted). Interpretation of a contract is a question of law for the Court to resolve. *Flores v. Am. Seafoods Co.*, 335 F.3d 904, 910 (9th Cir. 2003).

Pulliam's immunity claim is without merit. The Settlement Agreement plainly does not contain any offer of immunity from criminal prosecution. There is no mention in any provision of the agreement of crimes, criminal action, prosecution, or an offer of immunity. The absence of such statements leads the Court to the conclusion that the Settlement Agreement is not reasonably susceptible to the meaning Pulliam proposes and therefore it poses no obstacle to the present prosecution. *See United States v. Brekke*, 97 F.3d 1043, 1050 (8th Cir. 1996) (holding that a civil settlement agreement devoid of any mention of criminal acts or immunity did not bar the defendants' prosecution). Indeed, no reasonable

person could construe terms of the agreement as a whole, much less the passage cited by Pulliam, as an offer immunity from criminal prosecution. The cited passage is merely precatory, as it states an intention rather than an expression of the substance of the bargain entered among the signatories. The language of the cited passage confines this intention to the bankruptcy case. "The unambiguous words of the agreement are the end of the story. As a rule, the language of an instrument must govern its interpretation if the language is clear and explicit." *McKnight*, 563 F.3d at 893 (citation omitted). The agreement does not contain an offer of immunity, and therefore, the Settlement Agreement is not a contract for immunity. *See United States v. Wilson*, 392 F.3d 1055, 1059-60 (9th Cir. 2004) (finding no informal immunity agreement was formed because no one ever offered the defendant immunity). "[N]o contract exists without an offer." *Id.* at 1060.

Pulliam claims that he signed the Settlement Agreement because he subjectively believed that it meant there would not be any further legal action arising out of any issue from the bankruptcy case. (Doc. 40 at 2.) Pulliam's subjective belief is irrelevant, because the agreement in issue here was clear and unambiguous. Where a contract is unambiguous, its meaning is determined "by reference to the parties' objective intent as evidenced by the words of the contract." *McKnight* 563 F.3d at 893 (citations omitted).

Pulliam's claims invoking the preclusion doctrines are also without merit. Pulliam claims that the Bankruptcy Court's Final Order is *res judicata* and prevents any prosecution for matters arising from the bankruptcy case. For a claim to be barred by *res judicata*, the claims in both cases must be identical, the first case must be resolved in a final judgment on the merits, and the parties must be in privity. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). The criminal claims at issue in this case and the claims brought in the bankruptcy case are not identical and the parties are not in privity. Therefore *res judicata* does not bar this action.

Pulliam claims that collateral estoppel prevents relitigation of the issues in this case. "Collateral estoppel prevents relitigation when an issue of ultimate fact has once been determined by a valid and final judgment." *United States v. Ford*, 371 F.3d 550, 555 (9th Cir. 2004) (citations omitted). Pulliam does not adequately develop any of the elements of the doctrine of collateral estoppel. Of foremost concern, the Defendant has not identified any issue or issues litigated in the bankruptcy case that are similar and material to issues in this criminal case. *See id*. None of Pulliam's arguments in the Motion now before the Court assert that the settlement agreement or the bankruptcy case resolved questions surrounding his liability for fraudulent concealment or false statements under 18 U.S.C. § 152.

As discussed *supra*, the settlement agreement is devoid of any language mentioning crimes, criminal prosecution, or liability. The Bankruptcy Court's Final Order dismissing the bankruptcy case does not reach any of these issues. Pulliam's collateral estoppel claim is therefore without merit. His Motion to Dismiss based on the preclusion doctrines will be denied.

IT IS ORDERED that Timothy James Pulliam's Motion for Judicial Notice, (Doc. 37), is GRANTED.

IT IS FURTHER ORDERED that Timothy James Pulliam's Motion to Dismiss the Indictment, (Doc. 37), is DENIED.

DATED this 21st day of July, 2014.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT